UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CV-211-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| $1,415.00 IN U.S. CURRENCY, | ) | |
| Defendant. | ) | |

This matter is before the court upon the Government's Motion for Default Judgment [DE-15] in this in rem civil forfeiture action.

## I. STATEMENT OF THE FACTS

This forfeiture action arises out of a July 27, 2011 search of the residence of Casey Fullwood, at 1910 Harry Ann Trail, Supply, North Carolina, with his consent. On that same date, a confidential informant with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") purchased approximately 28.9 grams of crack cocaine using $1,200.00 in ATF funds from Terrance Fullwood at the same residence. The ATF contends it has made multiple undercover purchases of narcotics from Terrance Fullwood at this residence, and has information that Terrance Fullwood sells narcotics there because he is on probation and does not want to conduct any illegal activity at his own place of residence. A number of items were seized during the search, including cocaine, firearms, ammunition, and $1,415.00 in United States Currency. The currency was seized for forfeiture.

## III. PROCEDURAL HISTORY

The Government initiated this action by filing a Complaint for Forfeiture In Rem [DE-1] in this court on October 3, 2011, alleging that the Defendant, $1,415.00 in United States

currency, was "used, or intended to be used, in exchange for controlled substances, or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 et seq., and is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6)." Compl. [DE-1] ¶ 6. In accordance with Rule G(3)(b)(i) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Clerk of Court issued a "Warrant of Arrest and Notice In Rem"[DE-3] on October 6, 2011. Beginning on February 8, 2012, a Notice of Civil Forfeiture was posted on an official government internet site, www.forfeiture.gov, for at least 30 consecutive days, and a proof of publication was filed with this court on March 12, 2012.

On February 7, 2012, the Government completed service on the Defendant currency while it was in the possession of the United States Marshals Service. *See* Acknowledgment of Service [DE-9]. The United States Marshals Service also served a copy of the Complaint and the Warrant for Arrest In Rem on potential claimant Casey Fullwood on May 16, 2012. *See* Affidavit of Service [DE-12]. The United States Marshal Service made multiple attempts to serve the other potential claimant, Terrance Tremayne Fullwood, during the month of May, and eventually a representative of the Marshals Service spoke to Terrance Fullwood and was informed that Mr. Fullwood works out of state and didn't want the currency. *See* Affidavit of Service [DE-11]. Finally, on May 15, 2012, the Marshals Service served Attorney Sam Randall, who told the Marshals Service he represents Mr. Fullwood and will accept service on his behalf. *Id.*

On June 28, 2012, the Government filed an Affidavit of Failure to Plead or Otherwise Defend [DE-13] and a Motion for Entry of Default [DE-14]. The Clerk of Court entered Default

[DE-16] against Defendant on August 1, 2012 and submitted the Government's Motion for Default Judgment [DE-15] to the undersigned.

### III. DISCUSSION

Rule 55(b) (2 of the Federal Rules of Civil Procedure allows the court to enter judgment against a party who has failed to answer or otherwise plead. Both of the known potential claimants were served with notice of the action and a copy of the complaint pursuant to Supplemental Rule G(4)(b)[1], and neither have filed an answer or claim in this action. The Defendant Currency also has been properly served, and it too is in default.

A defendant in default, and a claimant who fails to assert a claim *in rem*, is deemed to hae admitted all of the plaintiff's well-pled allegations of fact, which then form the basis of the judgment in the plaintiff's favor. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Where, as here, the action is *in rem* and the Government seeks a forfeiture pursuant to 21 U.S.C. § 886(a)(6), the complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed.R.Civ.P. Supp.R. G(2)(f). The court finds that the Complaint, and the attached affidavit, satisfies the Government's burden.

Accordingly, based on the foregoing, the court ORDERS that:

(1) Default judgment be and the same is hereby entered against the defendant;

(2) All persons claiming any right, title, or interest in or to the said defendant are held in

---

[1] Although Terrance Fullwood was not served directly, the record indicates that Attorney Sam Randall told the United States Marshals Service that he represents Terrance Fullwood in connection with this matter, and thus service on Mr. Randall satisfies Supplemental Rule G(4)(b)(iii)(B).

3

default;

(3) the defendant is forfeited to the United States of America; and

(4) the United States Marshals Service is hereby directed to dispose of the defendant according to the law.

SO ORDERED.

This the 10th day of August, 2012.

                                                                         _____
                                                                         JAMES C. FOX
                                                                          Senior United States District Judge